McDonald, j.
 

 ■ 12This appeal is from a judgment in the Nineteenth Judicial District Court, granting a motion for summary judgment by defendant, EcoScience Resource Group, L.L.C., and denying a motion for summary judgment by plaintiffs, Charles Robert Carter Properties, Inc. and Studio Properties, L.L.C. The judgment also dismissed all claims of the plaintiffs with prejudice and reserved defendant’s right to pursue claims raised in its reconventional demand.
 

 The record in the appeal of a judgment on a motion for summary judgment is reviewed by this court
 
 de novo.
 
 We find that the dispositive legal issue is defendant’s contention that under Louisiana Civil Code article 2016, EcoScience had the right to consider the contract of lease dissolved. Louisiana Civil Code article 2016 provides:
 

 When a delayed performance would no longer be of value to the obligee or when it is evident that the obligor will not perform, the obligee may regard the
 
 *1115
 
 contract as dissolved without any notice to the obligor.
 

 The material facts in this case are that in July 2005 EcoScience signed a three-year renewal of a lease that originated that in 1999. The original lease was of suite 113, Lakeland Park, located at 12010 Lakeland Park Boulevard, Baton Rouge, Louisiana. During the course of its tenancy, EcoScience had amended and renewed its lease to occupy suites 117 and 121, rather than suite 113. Later, EcoScience had reoccupied suite 113 in addition to suites 117 and 121 pursuant to another addendum to the lease.
 

 In July 2005, the lease renewal was negotiated by Stacy Thibodeaux, majority partner in EcoScience, and Simone Frater-nali, owner of the Lakeland Park property, through his company, American Overseas Company of Baton Rouge. Mr. Fraterna-li’s company also occupied office space at Lakeland Park. The lease addendum and renewal signed by both parties, provided for: a three-year term; | .¡lessee to expand into adjacent Suite #109 during the term of the lease; an increased rental rate; a new total square footage of 5,700 sq. ft.; and tenant’s proportionate share of CAM (common area maintenance) expenses of 12%. It further provided that “[TJenant has an option to expand to adjacent suite # 125 during the term of the Lease. A written notice must be given 60 days prior to exercise of such option.”
 

 In December 2005, Charles Robert Carter Properties, Inc. and Studio Properties, L.L.C. purchased Lakeland Park. The purchase was of three office buildings located at 12010, 12020, and 12030 Lakeland Park Boulevard. As evidenced by the addenda to the 1999 lease, EcoScience was a growing business. On January 26, 2006, Stacy Thibodeaux sent a letter via facsimile to Charles Robert Carter Properties, Inc. stating, “As we discussed in our prior meeting, this letter serves as a 60-day notice to allow EcoScience Resource Group to occupy a portion of the adjacent Suite # 125 that is now occupied by Guarino Real Estate & Development.”
 

 On March 20, 2006, a letter was addressed to Ms. Thibodeaux stating:
 

 I represent Charles Robert Carter Properties, Incorporated. Your January 26th letter has been forwarded to me for response. I understand EcoScience Resource Group, L.L.C. claims the right to expand into Unit 125 after giving sixty-(60-)day notice based on a provision in an addendum dated July 13, 2005. Unfortunately, that agreement, if valid, was not made with the current owners of the property and your lease was not recorded. As an additional complication, Suite 125 is presently occupied by American [Overseas] Company, Incorporated, under a lease agreement with the current owner of the property.
 

 If it will accommodate you, Suite A-109, located at 12030 Lakeland Park Boulevard will be available in May 2006. If you are interested in this suite, we will reserve it for you. If any other suites become available in the complex, we will likewise notify you. We sincerely regret any inconvenience this confusion causes, but cannot take responsibility for it and have no means of displacing the current tenant in Unit 125.
 

 The attorney representing Charles Robert Carter Properties, Inc. was also a partner in Studio Park Properties, L.L.C., co-owner of the Lakeland Park property.
 

 14Upon receipt of the letter, Ms. Thibo-deaux began looking for another site that would accommodate her growing business. On April 27, 2006, she signed a binding purchase agreement on a property at 11827 Sunray Avenue, subject to a 45-day contingency period, during which the property could be inspected and the agreement
 
 *1116
 
 cancelled at purchaser’s sole discretion. On May 4, 2006, an agreement was signed committing to closing on the Sunray Avenue property within 60 days.
 

 By letter of June 25, 2006, counsel for Carter Properties wrote to Ms. Thibo-deaux to confirm that it had been arranged for EcoScience to move into “the adjacent space referred to in the most recent lease renewal document.” The letter also stated that it was understood that “you are no longer in need of that space and will not be moving into same” and “we will consider ourselves relieved of any obligation to provide that space in the future.” On June 30, 2006, by letter from counsel, Ms. Thi-bodeaux gave notice that any lease obligation EcoScience may have for space in the Lakeland Park Office Building was terminated effective July 31, 2006, and EcoScience would vacate the building on or before July 31, 2006.
 

 On July 11, 2006, plaintiffs filed a petition for writ of sequestration to enforce lien and to command the Sheriff of East Baton Rouge Parish to seize the furniture and other movables contained in the leased premises located at 12010 Lakeland Park Boulevard, Suites 113, 117, and 121. It also prayed for judgment against the defendant in the sum of $103,140.00, together with interest at the rate of 18% per annum on all rental installments, common area maintenance charges, taxes, attorney fees, and all costs.
 

 A motion for summary judgment was filed by plaintiffs in November 2008, alleging that defendant had breached the lease and therefore, owed $105,109.90 for rent, tenant improvements required to re-lease the premises, and common area maintenance charges, together with legal interest from the date each debt became due. In January 2009, EcoScience filed a motion for partial summary judgment, ^seeking dismissal of plaintiffs’ claims and reserving EcoScience’s right to pursue its claim for the damages caused by plaintiffs’ breach of the lease. By judgment dated March 30, 2009, the trial court denied the plaintiffs’ motion for summary judgment and granted EcoScienee’s motion for partial summary judgment, dismissing plaintiffs’ claims, and further ordered that the rights of defendant, EcoScience Resource Group, L.L.C., to pursue claims raised in its re-conventional demand shall be retained.
 

 Plaintiffs appealed
 
 [1]
 
 alleging four assignments of error: (1) the trial court erred in granting EcoSeience’s motion for summary judgment, dismissing all of plaintiffs’ claims, and finding that EcoScience was entitled to dissolve the lease without judicial action; (2) the trial court erred when it dismissed plaintiffs’ claims when there was evidence of substantial performance under the lease agreement, no evidence of substantial impairment to the interests of EcoScience, and no notice of default; (3) the trial court erred in denying plaintiffs’ motion for summary judgment requesting judgment for rent due under the lease after EcoScience moved out of the property, costs, repairs, and common area maintenance charges, together with legal interest and attorney fees; and (4) genuine issues of material fact exist precluding summary judgment.
 

 We agree there are facts in dispute. The record is unclear as to exactly what space Ms. Thibodeaux intended to occupy. Suite 125 may not have been occupied by
 
 *1117
 
 either Guarino Real Estate Development, as claimed by Ms. Thibodeaux’s letter of January 26, 2006, or by American Overseas, as claimed in Carter Properties’ letter of March 20, 2006. Fráternali testified in his deposition that suite 125 was occupied by LCR; that they were tenants prior to EcoScience’s original occupancy; |fiand that their lease was for a term of at least one year and would not expire by 60 days from Ms. Thibodeaux’s January notice of intention to expand into the “adjacent suite.” The testimony in the depositions of both Stacy Thibodeaux and Rennie Carter, a property manager of Carter Properties, was quite confused on the subject of suite numbers. However, we have determined that this factual information is not material to settling the legal dispute in this matter.
 

 The essential question is whether Ms. Thibodeaux had the legal right to consider the lease breached and her obligation dissolved upon receipt of the March 20, 2006 letter from counsel representing her landlord. We note that the letter was received only days before the expiration of the 60-day notice required by the lease before she could expand into the requested space necessary for her business; that she had been advised by a Carter Properties representative prior to sending the January notice letter that moving into the needed space was not a problem; and that the March 20, 2006 letter advised that she could not move into the space as agreed.
 

 Regardless of which “adjacent space” EcoScience intended to occupy, the lease agreement that was signed in July 2005 should have served to insure that space would be available to it on 60 days notice. The deposition testimony of Rennie Carter and Simone Fraternali was vague or it completely disavowed recollection of the time frames in which some conversations took place. However, there is sufficient evidence, documentary and testamentary, to establish the necessary material facts. Ms. Thibodeaux’s affidavit, deposition testimony, and the circumstantial evidence all support the belief, as asserted by Ms. Thi-bodeaux, that the 2005 lease renewal would not have been signed, and the contractual obligation assumed, without assurance that space for the expanding business would be available.
 

 Plaintiffs contend that it was not a breach of the contract, only a delay in performance, as evidenced by the June 25, 2006 letter. They also posit substantial |7contract performance by virtue of the space occupied as opposed to the additional space needed. We have considered these arguments, but reject them. We also do not find persuasive the plaintiffs’ recent interpretation of what information was intended to be conveyed in the March 20, 2006 letter. We consider the import of the letter to be what was reasonably conveyed to Ms. Thibodeaux at the time it was received.
 

 We are particularly mindful of the legal requirement that contracts be performed in good faith. La. C.C. art. 1983. We also consider that procedural rules are intended to implement the substantive law and are not an end in themselves.
 
 Unwired Telecom Corp. v. Parish of Calcasieu,
 
 03-0732, p. 10 (La.1/19/05), 903 So.2d 392, 401. Therefore, we find that a deviation from the lease’s options for giving notice, when the information was delivered and received, is not of legal significance.
 

 After a careful review of the record in this case and extensive research into the applicable law, we conclude that Ms. Thi-bodeaux had the legal right to consider her obligations dissolved without judicial action, as provided for in Civil Code article 2016. Therefore, the judgment appealed is affirmed. Costs are assessed to plain
 
 *1118
 
 tiffs, Charles Robert Carter Properties, Inc. and Studio Properties, L.L.C.
 

 AFFIRMED.
 

 [1]
 

 . A panel of this court found that the March 30, 2009 judgment appealed in this matter appeared to be a partial final judgment that had not been designated as final in accordance with La. C.C.P. art. 1915(B). Therefore, a rule to show cause order was issued by this court. On August 3, 2009, the trial court issued a judgment designating the March 30, 2009 judgment as final, which was filed into this record.